# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIE SMITH, DOC # 040330,**

    Plaintiff,

vs.                                                      Case No. 4:06cv167-RH/WCS

**LT. JOSE COLON, et al.,**

    Defendants.

                                       /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has submitted a civil rights complaint, doc. 1, and an *in forma pauperis* motion, doc. 2. Plaintiff just recently had a case dismissed *sua sponte* because Plaintiff is not entitled to *in forma pauperis* status. *See* case 4:06cv98-SPM/WCS. Thus, Plaintiff is fully aware that he may not proceed without full prepayment of the Court's filing fee.

Plaintiff has previously initiated numerous civil cases, several of which were dismissed for failure to comply with court orders. *See* cases 5:02cv20, 5:02cv21, 5:02cv23, 5:02cv40, 5:02cv41, 5:02cv42, 5:02cv45. Several other cases were dismissed for failure to prosecute. *See* cases 8:98cv304, 5:93cv167, and 5:93cv251.

Dockets.Justia.com

Plaintiff has had three cases dismissed for reasons which count as "strikes" under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(g).  In case 5:02cv43, Plaintiff was denied *in forma pauperis* status and his case was dismissed for being frivolous, and for submitting a false complaint form which did not properly list all prior cases.[1]  In case 5:02cv22, the complaint was similarly dismissed for Plaintiff's abuse of the judicial process because he did not properly account for all his prior cases.  In a third case, number 5:02cv44, the complaint was likewise dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Those three dismissals preclude Plaintiff from being granted *in forma pauperis* status in this case.  Accordingly, because Plaintiff is not entitled to *in forma pauperis* status pursuant to § 1915(g),[2] his motion for leave to proceed *in forma pauperis*, doc. 2, must be denied.

Plaintiff's claims in this case have been reviewed and they do not fall within the "imminent danger of serious physical injury" exception to the *in forma pauperis* bar of 28 U.S.C. § 1915(g).  Thus, Plaintiff's case must be dismissed.  The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays

---

[1] A dismissal for failing to disclose all prior cases stands is abuse of the judicial process and counts as a "strike" under 28 U.S.C. § 1915(e)(2)(B)(i).  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998).

[2] That statute provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

the full $350.00$^3$ filing fee at the time of filing the complaint.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on April 12 , 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] On April 9, 2006, the filing fee was increased from $250.00 to $350.00 by § 10001 of the Deficit Reduction Act of 2005, P.L. 109-171.

Case No. 4:06cv167-RH/WCS